UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

PLUMBERS AND PIPEFITTERS :    Civil Action No. 1:19-cv-00920-LLS
NATIONAL PENSION FUND, Individually :
and on Behalf of All Others Similarly Situated, :    CLASS ACTION
: 
                 Plaintiff, :    MEMORANDUM OF LAW IN SUPPORT
:    OF PLUMBERS AND PIPEFITTERS
:    NATIONAL PENSION FUND'S MOTION
     vs. :    FOR APPOINTMENT AS LEAD
:    PLAINTIFF AND APPROVAL OF
:    SELECTION OF LEAD COUNSEL
ALTA MESA RESOURCES, INC. f/k/a :
SILVER RUN ACQUISITION :
CORPORATION II, JAMES T. HACKETT, :
THOMAS J. WALKER, WILLIAM D. :
GUTERMUTH, JEFFREY H. TEPPER, :
DIANA J. WALTERS and RIVERSTONE :
INVESTMENT GROUP LLC, :
: 
                 Defendants. :
: 

———————————————————————— x

## I.      INTRODUCTION

Presently pending in this Court is a class action lawsuit brought on behalf of all holders of record of Alta Mesa Resources, Inc. f/k/a Silver Run Acquisition Corporation II ("Silver Run II") Class A common stock as of January 22, 2018, the record date to vote on the acquisition of Alta Mesa Holdings, LP ("Alta Mesa") and Kingfisher Midstream LLC ("Kingfisher") by Silver Run II (the "Acquisition").  The action alleges violations of §14(a) of the Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. §78n(a), and SEC Rule 14a-9, 17 C.F.R. §240.14a-9, promulgated thereunder, and §20(a) of the 1934 Act, 15 U.S.C. §78t(a).  Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), the Court "shall appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Plumbers and Pipefitters National Pension Fund (the "Pension Fund") should be appointed as lead plaintiff because it: (1) timely filed this Motion; (2) has the largest financial interest in the outcome of this litigation of any qualified movant; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Pension Fund's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm") to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.  Accordingly, the Pension Fund should be appointed Lead Plaintiff and its selection of counsel should be approved.

II.    **SUMMARY OF THE ACTION**[1]

Silver Run II is an oil and natural gas company focused on the acquisition, development, exploration and exploitation of unconventional onshore oil and natural gas reserves in the eastern portion of the Anadarko Basin in Oklahoma.  Silver Run II began as a blank check company.  Blank check companies do not have established businesses or operations, but rather, are formed for the purpose of effectuating a merger or acquisition with another firm or business entity.  Silver Run II's common shares trade in New York on the NASDAQ under the symbol "AMR" and its public warrants trade in New York on the NASDAQ under the symbol "AMRWW."

The complaint alleges that in early 2018, Silver Run II issued a materially false and misleading Definitive Merger Proxy Statement on Schedule M14A (the "Proxy") that recommended shareholders vote in favor of the Acquisition in contravention of §§14(a) and 20(a) of the 1934 Act and SEC Rule 14a-9.  As a result of the false and misleading Proxy, Silver Run II shareholders were prevented from making an informed decision on whether or not to redeem their shares and voted in favor of the Acquisition on February 6, 2018.  The redeemable Class A common shares were valued at approximately $10 per share at the time of the Acquisition.  The complaint alleges that subsequent to and due to the approval of the Acquisition, the value of Silver Run II Class A common shares has significantly declined.

Plaintiff seeks to recover damages on behalf of all holders of record of Silver Run II Class A common stock as of January 22, 2018, the record date to vote on the Acquisition.

---

[1]    The statement of facts is taken from the allegations in the complaint.  *See* ECF No. 1.  There are two subsequently-filed similar complaints pending in the Southern District of Texas, *Camelot Event Driven Fund, A Series of Frank Funds Trust v. Alta Mesa Resources, Inc. f/k/a Silver Run Acquisition Corp. II, et al.*, No. 4:19-cv-00957 (S.D. Tex.) and *FNY Partners Fund LP et al. v. Alta Mesa Resources, Inc. f/k/a Silver Run Acquisition Corp. II, et al.*, No. 4:19-cv-01027 (S.D. Tex.).  The Pension Fund is also filing a motion to serve as lead plaintiff for the claims at issue in this litigation in the Texas actions.  If appointed lead plaintiff, the Pension Fund would seek to transfer and consolidate the actions in one forum.

III.     ARGUMENT

   A.     **The Pension Fund Should Be Appointed Lead Plaintiff**

   The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

   (aa) has either filed the complaint or made a motion in response to a notice . . .;

   (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *Hom v. Vale, S.A.*, 2016 WL 880201, at *2 (S.D.N.Y. Mar. 7, 2016). The Pension Fund meets each of these requirements and should therefore be appointed Lead Plaintiff.

   1.     **The Pension Fund's Motion Is Timely**

   On January 30, 2019, notice of the first-filed complaint was published on *Business Wire* and advised class members of the pendency of action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days, or by March 31, 2019. *See* Declaration of David A. Rosenfeld in Support of Plumbers and Pipefitters National Pension Fund's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A. March 31, 2019 was a Sunday. Pursuant to Rule 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday" is April 1, 2019. Fed. R. Civ. P. 6(a)(1)(C).

Because the Pension Fund's Motion has been timely filed, it is eligible for appointment as lead plaintiff.

### 2.     The Pension Fund Possesses the Largest Financial Interest

At the close of business on the record date, January 22, 2018, the Pension Fund held more than 105,000 shares of Silver Run II Class A common stock and suffered damages due to defendants' alleged misconduct.  *See* Rosenfeld Decl., Ex. B.  To the best of its counsel's knowledge, no named plaintiff claims a larger financial interest than the Pension Fund that has otherwise demonstrated the adequacy and typicality requirements of Rule 23, as discussed below. Therefore, the Pension Fund satisfies the PSLRA's "largest financial interest" requirement.

### 3.     The Pension Fund Otherwise Satisfies Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "At this stage of the litigation, however, 'the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'"  *Hom*, 2016 WL 880201, at *6 (citation omitted).

"'The typicality threshold is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise.'"  *Id* (citation omitted).  "'A lead plaintiff's claims need not be identical to the claims of the class to satisfy the typicality requirement.'"  *Id.*(citation omitted).  The Pension Fund satisfies this requirement because, just like all other class members, it: (1) held Silver Run II securities Class A common stock on January 22, 2018, the record date; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby.

"In order to satisfy the adequacy requirement, a potential lead plaintiff must show that: '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is

no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Hom*, 2016 WL 880201, at *6 (citation omitted).   Here, the Pension Fund is an adequate representative of the class because its interests are aligned with the putative class and there is no evidence of any antagonism between the Pension Fund's interests and the class's interests.   The Pension Fund has retained competent and experienced counsel to prosecute these claims.   Indeed, the Pension Fund has already taken substantial steps to protect the interest of the class by developing the claims at issue and filing the initial complaint.   Finally, the Pension Fund's substantial financial stake provides the requisite interest to ensure vigorous advocacy.   Thus, the Pension Fund satisfies the adequacy requirements of Rule 23(a)(4).

Accordingly, the Pension Fund has made a *prima facie* showing that it satisfies the typicality and adequacy requirements for the purposes of this motion.

### B.      The Pension Fund's Selection of Counsel Should Be Approved

"Under the PSLRA, '[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.'"   *Hom*, 2016 WL 880201, at *7 (quoting 15 U.S.C. §78u-4(a)(3)(B)(v)).   Indeed, '"[a]lthough the Court maintains discretion in appointing lead counsel to protect the interests of the class, the statute evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'"   *Id.* (citation omitted).   Here, the Pension Fund has selected Robbins Geller to serve as lead counsel for the proposed class.   *See* Rosenfeld Decl., Ex. C.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class.   With 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation.   District courts throughout the nation, including this Court, have noted Robbins Geller's

reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases. *See, e.g.*, *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502, at 42-43 (S.D.N.Y. Aug. 10, 2015) (commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems.  So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . .  You did a really good job. Congratulations."); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); Rosenfeld Decl., Ex. C.

Thus, the Court can be assured that by approving the Pension Fund's choice of Robbins Geller as lead counsel the putative class will receive the highest caliber of representation.

## IV.   CONCLUSION

The Pension Fund meets each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Pension Fund respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Lead Counsel.

DATED:  April 1, 2019                  ROBBINS GELLER RUDMAN
                                             & DOWD LLP
                                       SAMUEL H. RUDMAN
                                       ROBERT M. ROTHMAN
                                       DAVID A. ROSENFELD
                                       VINCENT M. SERRA

*/s/ David A. Rosenfeld*

DAVID A. ROSENFELD

- 6 -

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com
vserra@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
BRIAN E. COCHRAN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bcochran@rgrdlaw.com

O'DONOGHUE & O'DONOGHUE LLP
LOUIS P. MALONE
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC  20015
Telephone:  202/362-0041
202/362-2640 (fax)

*Attorneys for Plaintiff and Lead Plaintiff Movant*
*Plumbers and Pipefitters National Pension Fund*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on April 1, 2019, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
   & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

# Mailing Information for a Case 1:19-cv-00920-LLS Plumbers and Pipefitters National Pension Fund v. Alta Mesa Resources, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jessica Leigh Bengels**
  jessica.bengels@lw.com,NY-CourtMail@lw.com,new-york-ma-2860@ecf.pacerpro.com,jessica-bengels-2198@ecf.pacerpro.com

- **Andrew J Entwistle**
  aentwistle@entwistle-law.com,ncasey@entwistle-law.com,ffleming@entwistle-law.com,mgayle@entwistle-law.com

- **Christopher J. Keller**
  ckeller@labaton.com,5497918420@filings.docketbird.com,kgutierrez@labaton.com,ElectronicCaseFiling@labaton.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,2879289420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **J. Christian Word**
  christian.word@lw.com,NY-CourtMail@lw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)