ORIGINAL

DOC #: _____
DATE FILED: 5/3/19

**MEMORANDUM ENDORSEMENT**

<u>Plumbers and Pipefitters National Pension Fund et al.
v. Alta Mesa Resources, Inc. et al.,</u>
19 Civ. 920 (LLS)

All Defendants and Plaintiffs First New York Group (comprising FNY Partners Fund LP, FNY Managed Accounts, LLC, and Paul J. Burbach, Jr.) and Camelot Event Driven Fund[1] favor the transfer of this action to the Southern District of Texas, where all the parties are present and where the lead plaintiff in this case, Plumbers and Pipefitters National Pension Fund ("Plumbers Pension Fund"), has moved for consolidation of the Texas actions, appointment as lead plaintiff, and approval of selection of counsel.

Defendants point out that

> This action also concerns events that occurred in Houston, and that is where the expected non-party witnesses reside. Specifically, Plumbers' complaint asserts claims alleging that the proxy statement sent to Silver Run II's stockholders in connection with Silver Run II's acquisition in February 2018 of Alta Mesa, LP ("Alta Mesa") and Kingfisher Midstream, LLC ("Kingfisher") (the "Acquisition") was false and misleading. Silver Run II is headquartered in Houston, Texas, and, before the Acquisition, Alta Mesa and Kingfisher were private companies also headquartered in Houston, Texas. Numerous aspects of the Acquisition, including the parties' due diligence and the negotiations over terms occurred in Houston. Also, the relevant documents related to the Acquisition and the proxy statement are primarily located in Houston. Not surprisingly then, virtually all of the relevant witnesses—both party and non-party—are found in Texas.

Defs. April 29, 2019 Letter (Dkt. No. 33).

In opposition to any motion to transfer, lead plaintiff Plumbers Pension Fund argues the presence of parties and witnesses, and the occurrence of relevant facts, in New York. Pl. May 2, 2019 Letter (Dkt. No. 39). There seems little doubt that there was enough activity here that New York would be a proper forum for the litigation of this case.

Nevertheless, the overarching realities are that the major actors are at home in both New York and Texas, and Plumbers Pension Fund stands alone in preferring to litigate this action

---

[1] Camelot Event Driven Fund has already commenced its own action in Texas and moved for appointment as lead plaintiff there. Camelot April 15, 2019 Br. (Dkt. No. 25) at 2.

in New York, while all others prefer Texas.

Overcoming the traditional deference paid to the plaintiff's choice of forum in this case are the pendency of two closely similar cases in Texas, and the need to avoid the duplication of nearly identical litigation simultaneously in two states.

The obvious and appropriate action is to transfer this case to the Southern District of Texas, where the court may well see fit to consolidate it with the two (somewhat more comprehensive) cases already pending there, and to consider the candidacy of Robbins Geller Rudman & Dowd LLP for lead counsel, and its client Plumbers Pension Fund as lead plaintiff, with all the other candidates in the consolidated cases. As all but Plumbers Pension Fund say,

> The convenience of the parties, trial efficiency, and the interests of justice also overwhelmingly favor transfer to the Southern District of Texas because of the two other class actions pending there that include additional defendants and a broader class. Piecemeal litigation of one aspect of the Texas Actions in this Court is unnecessary and inefficient.

Defs. April 29, 2019 Letter.

Accordingly, it is ordered, for the convenience of the parties and witnesses and in the interest of justice, that the Clerk transfer this action to the United States District Court for the Southern District of Texas under 28 U.S.C. § 1404(a).

So ordered.

Dated:   New York, New York
         May 3, 2019

                              _Louis L. Stanton_
                              LOUIS L. STANTON
                              U.S.D.J.

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

# LATHAM&WATKINS LLP

April 29, 2019   **MEMO ENDORSED**

**VIA ECF**

The Honorable Louis L. Stanton
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

MEMO ENDORSED

Re: *Plumbers and Pipefitters National Pension Fund v. Alta Mesa Resources, Inc., et al.*, No. 1:19-cv-00920-LLS

Dear Judge Stanton:

I write on behalf of Defendants Alta Mesa Resources, Inc. ("Alta Mesa Resources"), formerly known as Silver Run Acquisition Corporation II ("Silver Run II"), James T. Hackett, Thomas J. Walker, William D. Gutermuth, Jeffrey H. Tepper, Diana J. Walters, and Riverstone Investment Group, LLC (collectively, "Defendants") in this action. Pursuant to Rule 2(A) of the Court's Individual Rules of Practice, Defendants respectfully request a pre-motion conference to allow Defendants to file a motion to transfer this case to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).

This putative securities class action should be transferred to the Southern District of Texas where it can be consolidated with the two other purported securities class actions that assert the exact same claims against the same defendants as in this action. *See Camelot Event Driven Fund, A Series Of Frank Funds Trust v. Alta Mesa Resources, Inc., et. al.*, Case No. 4:19-cv-00957 (the "Camelot Complaint"); *FNY Partners Fund LP and FNY Managed Accounts, LLC v. Alta Mesa Resources, Inc., et. al.*, Case No. 4:19-cv-01027 (the "FNY Complaint") (collectively, the "Texas Actions").[1] Indeed, this separate action is superfluous because all of the parties are present in Texas where Plaintiff Plumbers and Pipefitters National Pension Fund ("Plumbers") has filed a motion for an order consolidating the Texas Actions and appointing itself as Lead Plaintiff for the Section 14(a) claims.

Moreover, transfer of this case to the Southern District of Texas is warranted under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the

---

[1] In addition to claims under Sections 14(a) and 20(a) asserted in this case, the Camelot and FNY Complaints together assert claims under Section 10(b) of the Securities Exchange Act and name three additional defendants.

Case 1:19-cv-00920-LLS Document 33 Filed 04/29/19 Page 2 of 5
Case 1:19-cv-00920-LLS Document 40 Filed 05/03/19 Page 4 of 5

J. Christian Word
April 29, 2019
Page 2

LATHAM&WATKINS LLP

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "In ruling on a motion to transfer, courts should consider both the interest of the litigants and the public interest." *Saltire Indus., Inc. v. Waller Lansden Dortch & Davis, PLLC*, 331 B.R. 101, 105 (S.D.N.Y. 2005) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Guided by those interests, courts routinely transfer securities cases to the district where the issuer is headquartered. *See, e.g., Ahrens v. Cti Biopharma Corp.*, 16 Civ. 1044 (PAE), 2016 WL 2932170, at *4 (S.D.N.Y. May 19, 2016).

This action also concerns events that occurred in Houston, and that is where the expected non-party witnesses reside. Specifically, Plumbers' complaint asserts claims alleging that the proxy statement sent to Silver Run II's stockholders in connection with Silver Run II's acquisition in February 2018 of Alta Mesa, LP ("Alta Mesa") and Kingfisher Midstream, LLC ("Kingfisher") (the "Acquisition") was false and misleading. Silver Run II is headquartered in Houston, Texas, and, before the Acquisition, Alta Mesa and Kingfisher were private companies also headquartered in Houston, Texas. Numerous aspects of the Acquisition, including the parties' due diligence and the negotiations over terms occurred in Houston. Also, the relevant documents related to the Acquisition and the proxy statement are primarily located Houston. Not surprisingly then, virtually all of the relevant witnesses—both party and non-party—are found in Texas.

The convenience of the parties, trial efficiency, and the interests of justice also overwhelmingly favor transfer to the Southern District of Texas because of the two other class actions pending there that include additional defendants and a broader class. Piecemeal litigation of one aspect of the Texas Actions in this Court is unnecessary and inefficient. *See Berg v. First American Bankshares, Inc.*, 576 F. Supp. 1239, 1243 (S.D.N.Y. 1983) ("Pendency of such [intimately related cases] in the transferee forum weighs heavily in favor of transfer, not only because '[l]itigation of related claims in the same tribunal . . . facilitates efficient, economical and expeditious pre-trial proceedings and discovery,' but also because it 'avoids duplicitous [sic] litigation and inconsistent results.'") (quoting *Durham Prods. v. Sterling Film Portfolio*, 537 F. Supp. 1241, 1243 (S.D.N.Y. 1982)).

By contrast, there is no substantial reason for maintaining the case in the Southern District of New York. Plumbers is a resident of the Eastern District of Virginia and will have to travel regardless of venue. And its choice of forum loses "any preference it would otherwise be afforded" where, as here, the putative class encompasses thousands of individuals who are likely geographically dispersed throughout the United States. *Baltimore v. Toyota Motor Credit Corp.*, No. 00 CV 8415(RCC), 2001 WL 637377, at *2 (S.D.N.Y. June 8, 2001); *see also In re Global Cash Access Holdings, Inc. Secs. Litig.*, No. 08-cv-3516, 2008 WL 4344531, at *7 (S.D.N.Y. Sept. 18, 2008) (explaining that a plaintiff's choice of forum is "entitled to substantially less deference" in a "class action, where members of the class are dispersed throughout the nation"). Plumbers is just one among many stockhholders who may form the putative class in this matter. The fact that it chose to file in the Southern District of New York is inconsequential—especially considering that two other shareholders have already filed suit in the most appropriate forum, the Southern District of Texas.

Accordingly, Defendants intend to move for an order transferring this matter to the Southern District of Texas.

Case 1:19-cv-00920-LLS   Document 33   Filed 04/29/19   Page 3 of 3
Case 1:19-cv-00920-LLS   Document 40   Filed 05/03/19   Page 5 of 5

J. Christian Word
April 29, 2019
Page 3

**LATHAM&WATKINS**LLP

Thank you in advance for your consideration of this letter.

Respectfully,

/s/ J. Christian Word

J. Christian Word (*pro hac vice*)
of LATHAM & WATKINS LLP

555 Eleventh Street, NW
Suite 1000
Washington DC 20004
(202) 637-2200
christian.word@lw.com

cc: All Counsel of Record